IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEAN VEST,
        Plaintiff,
   v.
UNITED STATES OF AMERICA
(BUREAU OF PRISONS),
        Defendant

Case No. 3:12-cv-256-KRG-KAP

## Report and Recommendation

### Recommendation

Plaintiff Sean Vest, a federal prisoner now at F.C.I. Loretto, filed a Federal Tort Claims Act complaint alleging the loss of property during his transfer to Loretto from F.P.C. Terra Haute. Plaintiff's motion to proceed *in forma pauperis*, docket no. 3, should be denied, and the complaint dismissed unless the plaintiff funds it himself.

### Report

Vest alleges the total cost of his lost property is $229.90. The filing fee alone is $350.00. The grant of *in forma pauperis* status is more than a ministerial act to be taken upon a claim of indigence: it is the judicial commitment of public resources to a private litigant on the theory that the public good is advanced by the pursuit of a meritorious (or at least colorable) claim. The Court of Appeals for the Third Circuit examined one of the limits on grants of *in forma pauperis* status in Deutsch v. United States, 67 F.3d 1080, 1092 (3d Cir.1995). In the course of affirming the dismissal of a federal inmate's Federal Tort Claims Act complaint alleging that the United States owed him $4.20

because corrections officers had taken his pens and not returned them, the circuit observed:

> Aside from the fact that we are satisfied that Deutsch's claim lacks meaning to him as a frequent filer of frivolous complaints, we find that **a court's obligation to guard its resources counsels dismissal of this claim**. Indeed, this claim lacks meaning from the court's point of view such that dismissal would be warranted even if the claim were brought by a litigant who had never before filed an *in forma pauperis* suit in federal court. **Significantly, the reasonable paying litigant would not find justification for the expense of filing suit in a moral or other non-monetary victory over the defendant. ... [T]he public simply should not be paying for an indigent litigant to pursue in federal court a claim that the paying litigant is practically barred from pursuing.**

(my emphasis). <u>Deutsch</u> stands for the proposition that the Court should examine the underlying controversy when there is a request for *in forma pauperis* status. The subsequent passage of the Prison Litigation Reform Act in 1996, making the payment of the filing fee payable in installments but not waivable, only strengthens that proposition for *in forma pauperis* requests by inmates. Plaintiff attempts to boost the monetary value of his controversy by a conclusory assertion that punitive damages could be awarded, but punitive damages are not available under the FTCA. The complaint should be dismissed without prejudice.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 1/30/13

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Sean Vest, Reg. No. 14336-026
F.C.I. Loretto
P.O. Box 1000
Loretto, PA 15940